IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| UNITED STATES | : | |
| :--- | :--- | :--- |
| | : | |
| | : | |
| v. | : | Case No. MJM-21-298 |
| | : | |
| OSMAN SESAY | : | |
| | : | |
| Defendant | : | |

**REPONSE TO THE GOVERNMENT'S MOTION TO EXCLUDE TESTIMONY OF BRIAN LUETTKE**

Osman Sesay, the Defendant, by and through Andrew R. Szekely and Dara Jackson-Garrett, Assistant Federal Public Defenders, hereby responds to the government's Motion to Exclude Testimony of Brian Luettke. For the reasons detailed below, Mr. Luettke should be permitted to testify as to his opinion regarding whether two devices the government alleges are machineguns are "designed and intended" to convert the firearms on which they were installed into machineguns.

Mr. Luettke's testimony as to both the test firing of the guns and his own measurements of the firearms and alleged conversion devices should be permitted. Mr. Sesay does not intend to elicit testimony from Mr. Luettke regarding how the firearms may have operated before being test fired. Mr. Sesay likewise will not ask Mr. Luettke about Mr. Sesay's *mens rea*. But Mr. Luettke should be permitted to testify about ATF Examiner Eve Eisenbise's examination methods because the steps an expert takes to form their opinion bears on that opinion's value to the jury's factfinding.

The government argues that because test firing is not necessary to determining whether something is a machinegun, evidence of the alleged machineguns not properly functioning as automatic weapons is irrelevant to the jury's determination of whether the items are, in fact, machineguns. This argument asks the Court to prevent the jury from hearing evidence that the

1

alleged machineguns did not work as machineguns. The Court should not be persuaded by the government's reliance on the text of 26 U.S.C. § 5845(b) because nothing in the statute's text prohibits the jury from learning the firearms did not fire properly. Whether evidence is necessary and whether evidence is probative are two different matters.

The relevant statutory phrase in § 5845(b) is "designed and intended." *Id.* Evidence of how something operates, like a test firing of a gun, is strong, if not the strongest, evidence of what that item is "designed and intended" to do. Assuming, *arguendo*, the two devices were "designed and intended" in a general way to convert a non-specific pistol into a fully automatically firing gun, the test fires show that as recovered the devices were not "designed and intended" to work properly on the specific Glocks they were installed on. Evidence that the alleged machineguns did not fire automatically is both relevant under FRE 401 and helpful under FRE 702.

The parties' dispute regarding the proper scienter requirement for conviction under 18 U.S.C. § 924(c)'s machinegun provision highlights the importance of the evidence of the test firing. If the Court rules that the government must prove Mr. Sesay knew the firearm charged in Count Six then evidence of the firearm's functioning is probative of Mr. Sesay's knowledge, even if Mr. Luettke cannot testify as to Mr. Sesay's subjective knowledge.

Likewise, Mr. Luettke's technique of measuring the firearms and the alleged machinegun conversion devices is sound. Preliminarily, Mr. Luettke did not use, as the government states, a "ruler" to conduct his work. Rather, Mr. Luettke used a Mitutoyo Absolute AOS Digital Caliper. A digital caliper is a measuring device accurate to within a few hundredths of a millimeter; and is used industrial and scientific work when every fraction of a millimeter is important.

Such precision is needed because modern handguns like the Glocks recovered in this case are products engineered to exacting standards. The "less than 0.1 inch" size difference that the

government dismisses matters. In a modern pistol, a part being 0.1-inch too big or too small may be the difference between a bullet being able to be fired or not; it may be the difference between a magazine being able to fit into a firearm's grip or not; and it may be the difference between a part converting a firearm into a machinegun or not. If the alleged machinegun conversion devices do not properly fit a firearm, they are not "designed and intended" to make that firearm a machinegun. The jury should be permitted to hear evidence that the alleged conversion devices in Mr. Sesay's case did not properly fit the firearms on which they were installed.

The argument above illustrates the importance of having Mr. Luettke testify as to his methodology and Ms. Eisenbise's. There is a factual dispute as to whether the alleged conversion devices were machines for both the 18 U.S.C. 922(g) counts and the § 924(c) count. Mr. Luettke's testimony about how he formed his opinions and why the government is incorrect is relevant to the jury's resolution of that dispute; as is any testimony Ms. Eisenbise may offer about Mr. Luettke's work. Indeed, the government disclosed Ms. Eisenbise is preparing a supplemental report addressing (and presumably critiquing) Mr. Luettke's report.[1]

The Court should therefore permit Mr. Luettke to testify regarding his opinion that the two alleged machinegun conversion devices were not machineguns and provide testimony regarding the ATF examiner's conclusions.

---

[1] Mr. Sesay, as of this filing, has not received the supplemental report and reserves the right to make objections to the contents of the report and testimony based on it once the government produces the supplemental report.

Respectfully submitted,

James Wyda
Federal Public Defender
 for the District of Maryland

\_\_\_/s/_____
Andrew R. Szekely
Dara Jackson-Garrett
Assistant Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Phone: (410) 962-3962
Fax: (410) 962-3976
Email: andrew_szekely@fd.org