IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | |
| | : | |
| v. | : | Case No.  MJM-21-298 |
| | : | |
| **OSMAN SESAY** | : | |
| | : | |
| **Defendant** | : | |

## MOTION IN LIMINE TO EXCLUDE CERTAIN GOVERNMENT EXHIBITS

Osman Sesay, the Defendant, by and through Andrew R. Szekely and Dara Jackson-Garrett, Assistant Federal Public Defenders, hereby moves to preclude the admission of government exhibits 411-417 and 595-683 because these exhibits consist of needlessly cumulative evidence that outweighs the probative value of the exhibits. Mr. Sesay also objects to the admission of exhibits 796, 820, 821, and 822 – a group of exhibits related to Mr. Sesay's criminal history. These exhibits are subject to still-pending motions pursuant to Fed.R.Evid. 404(b) and may also be addressed by stipulation if the Court permits the admission of the convictions.

Fed.R.Evid. 403 (Rule 403) prohibits the admission of otherwise relevant evidence if "its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Here, exhibit 410 is a staged photograph of items collectively seized during the execution of search warrants at two apartments the government alleges are linked to Mr. Sesay. Exhibits 411 through 417 are close-up photographs of the same collected items.

The Court should not permit the government to admit the seven close-up photographs because once the overall photograph is admitted, the evidence is before the jury. Permitting the government to admit seven more photographs of the same items would be needlessly cumulative,

1

especially given that the government will be introducing either the items themselves or photographs of the items taken during their seizure.

Similarly, Exhibits 595 through 683 are photographs of three cars taken from different angles and distances taken at a police impound lot. There are many other photographs of these cars taken both during their seizure and at times the cars were under surveillance. Indeed, there appear to be more photographs of vehicles than any other evidence in the case. It is needlessly cumulative to show photographs of the cars being used, the cars being seized, and then nearly 100 more photographs of the same three cars in an impound lot. The Court should therefore exclude these exhibits.

For these reasons, and those developed at the April 10, 2025, pretrial conference. The Court should preclude Exhibits 411-417 and 590-684; and reserve ruling on Exhibits 796, 820, 821, and 822, pending the resolution of motions related to those exhibits.

Respectfully submitted,

James Wyda
Federal Public Defender
 for the District of Maryland

\_\_\_/s/_____
Andrew R. Szekely
Dara Jackson-Garrett
Assistant Federal Public Defender
100 South Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201
Phone: (410) 962-3962
Fax: (410) 962-3976
Email: andrew_szekely@fd.org